UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTOFER CWIK | CIVIL ACTION |
| VERSUS | NO. 22-2844 |
| DANIEL MURRAY, ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is the United States' unopposed motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises from an automobile collision that occurred in Jefferson Parish, Louisiana, on August 25, 2020.[1]  Plaintiff Kristofer Cwik alleges that on that date, he was driving on the Crescent City Connection bridge when Sergeant Daniel Murray unexpectedly veered into plaintiff's lane and collided with plaintiff's car.[2]  The vehicle Murray was driving at the time of the collision was owned by the United States Department of the Army.[3]  A

---

[1]    R. Doc. 1 ¶ 7.
[2]    *Id.*
[3]    *Id.*

declaration submitted by the Department of the Army specifies that Murray

was in the process of driving the military vehicle to the Covington Readiness

Center, where it was going to be staged for a "High Water Vehicle mission"

during the onset of Hurricane Laura.[4]  The police report from the collision

indicates that the military vehicle experienced a mechanical failure and lost

power, causing it to veer into plaintiff's lane.[5]

Plaintiff brought a negligence claim in this Court against Murray and

the United States Department of the Army.[6]  Thereafter, the United States

certified that Murray was acting in the scope of his employment at the time

of the collision[7] and moved to dismiss Murray and the Department of the

Army and to substitute the United States as the defendant on the grounds

that under the Federal Tort Claims Act (the "FTCA"), the United States is the

---

[4]     R. Doc. 25-3 at 3.
[5]     *Id.* at 14.
[6]     R. Doc. 1 ¶¶ 10-12.  Plaintiff's insurer also intervened in this action to
        bring a subrogation claim against defendants, which later settled.  R.
        Docs. 10 & 21.
[7]     Specifically, Peter Mansfield, Assistant United States Attorney Civil
        Division Chief, certified that Murray was operating within the scope of
        his employment at the time of the collision.  R. Doc. 17-2.  The FTCA
        provides that the Attorney General shall certify that a federal employee
        was working within the scope of his employment, 28 U.S.C. §
        2679(b)(1), and the Attorney General has delegated this certification
        authority to the United States Attorney for the District.  28 C.F.R. §
        15.4.  The authority was further delegated to the Assistant United
        States Attorney Civil Division Chief.  U.S. Dep't of Justice, Justice
        Manual, § 4-5.630.

only proper defendant in actions brought against federal employees for torts committed in the scope of their employment.[8]   This Court granted the motion.[9] Accordingly, the only defendant in this matter is the United States.

The United States now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1).  The United States contends that the FTCA provides for a limited waiver of sovereign immunity, making the federal government liable to the same extent an individual would be liable under state law for the tortious conduct at issue.  It argues that the Louisiana Homeland Security and Emergency Assistance and Disaster Act (the "LHSEADA") immunizes individuals in Murray's position from tort liability for emergency-preparedness activities.  It contends that because Murray would be immune from liability under the LHSEADA, the United States is likewise immune, thereby depriving the Court of jurisdiction over this matter.  Plaintiff does not oppose the United States' motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

---

[8]      R. Doc. 17.

[9]      R. Doc. 19.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).

## III.   DISCUSSION

Absent a waiver, sovereign immunity shields the United States from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* Accordingly, the court's jurisdiction is defined by the terms of the United States' "consent to be sued in any court." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Through the FTCA, the United States has waived immunity to claims (1) "against the United States," (2) "for money damages," (3) "for injury or loss of property, or personal injury or death" (4) "caused by the negligent or wrongful act or omission of any employee of the Government" (5) "while acting within the scope of his office or employment" (6) under circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* (citation omitted).  For such claims, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The Court must strictly construe this waiver of immunity and resolve all ambiguities in favor of the United States. *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

It is clear from the record that plaintiff's claim is for money damages against the United States "for injury or loss of property, or personal injury or death," that was caused by the negligent act of a federal employee[10] while acting within the scope of his employment.  *See Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).  Accordingly, the United States' immunity to

---

[10]    Specifically, Murray was acting in his capacity as a Louisiana National Guardsman in federal pay status.  The Fifth Circuit has treated a Louisiana National Guardsman in federal pay status as a "federal employee" for purposes of the FTCA. *See Alfonso v. United States*, 752 F.3d 622, 626 (5th Cir. 2014).

plaintiff's claim turns on the sixth element: whether, if the United States were a private person, it "would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *Id*. at 475.

The United States contends that if it were a private person, it would not be liable for plaintiff's claim because the LHSEADA provides immunity for tortious conduct committed by agents of the state in the course of certain emergency preparedness activities.  The LHSEADA provides, in relevant part:

> Neither the state nor any political subdivision thereof, nor other state agencies, nor, except in the case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness and recovery activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

La. Rev. Stat. § 29:735(A)(1).   "The LHSEADA defines 'emergency preparedness' as 'the mitigation of, preparation for, response to, and the recovery from emergencies or disasters.'"  *Alfonso v. United States*, 752 F.3d 622, 625-26 (5th Cir. 2014) (quoting La. Rev. Stat. § 29:723(6)). Accordingly, "any individual who is (1) a representative of the State of Louisiana, (2) engaged in emergency preparedness activities, and (3) acting in compliance with the LHSEADA is immunized from liability for his or her

6

negligence." *Lumpkin v. Lanfair*, No. 09-6248, 2010 WL 3825427, at *3 (E.D. La. Sept. 23, 2010).

The United States asserts, and plaintiff does not dispute, that these three criteria are met in this case. As to the first element—whether Murray was a representative of the State of Louisiana—at the time of the collision, Murray was working as a member of the Louisiana National Guard following orders from his commanding officer to transport a military vehicle.[11] Courts have routinely held that members of the National Guard assisting with hurricane preparation and recovery efforts satisfy this element. *See, e.g.*, *Lumpkin*, 2010 WL 3825427, at *5 (concluding that member of Tennessee National Guard working in Louisiana on Hurricane Gustav recovery efforts "was a representative of the State of Louisiana" for purposes of LHSEADA).

The second element—whether Murray was engaged in emergency preparedness activities—is likewise satisfied. The LHSEADA defines "emergency preparedness" as "preparation for emergencies or disasters." La. Rev. Stat. § 29:723(6). It defines "disaster" to include hurricanes, and it defines "emergency" to include "threatened condition[s] which . . . may be created by a disaster." *Id.* §§ 29:723(4), (5). At the time of the collision,

---

[11]    R. Doc. 25-3.

Murray was facilitating a "mission during the onset of Hurricane Laura."[12]

Further, both Jefferson Parish and the State of Louisiana were in declared

states of emergency.[13]   The Court finds that Murray was engaged in

"emergency preparedness activities" for purposes of the LHSEADA.   *See*

*Lumpkin*, 2010 WL 3825427, at *5 (concluding that Tennessee National

Guardsman transporting supplies for hurricane relief was engaged in

emergency preparedness activities); *see also Lemoine v. United States*, No.

07-8478, 2009 WL 2496561, at *3 (E.D. La. Aug. 13, 2009) (concluding that

Louisiana National Guardsman following orders to haul asphalt during

Hurricane Katrina was engaged in emergency preparedness activities).

Finally, the third element is satisfied because Murray was acting in

compliance with the LHSEADA.  The LHSEADA "provides immunity" for

agents of the state who are "engaged in any emergency preparedness

activities, except in the case of willful misconduct."   *Id.*   There are no

allegations that Murray acted willfully.  To the contrary, plaintiff alleged that

---

12      *Id.*

13      *See* JEFFERSON PARISH, OFFICE OF THE PRESIDENT, PROCLAMATION NO. 13
        CLS   2020   (Aug.   21,   2020),   https://jefferson-parish-
        government.azureedge.net/documents/departments/public-
        information-office/declarations/doc03117820200821154504.pdf;
        STATE OF LOUISIANA, EXECUTIVE DEPARTMENT, PROCLAMATION NO. 108
        JBE        2020        (Aug.        21,        2020),
        https://gohsep.la.gov/portals/0/News/Proc-108-JBE-2020.pdf.

Murray is liable for negligence,[14] and the police report from the incident indicates that Murray veered into plaintiff's lane only after the military vehicle he was driving experienced a mechanical failure.[15]

Because all three elements for immunity under the LHSEADA are satisfied, "it follows that the United States, were it a private individual under like circumstances, also would not be liable under Louisiana law." *Lumpkin*, 2010 WL 3825427, at *5. Because the United States would not be liable under state law, it has not waived sovereign immunity, and the Court lacks subject matter jurisdiction over the claim. *Id.*; *see also Ecker v. United States*, 358 F. App'x 551, 553 (5th Cir. 2009) (affirming dismissal for want of jurisdiction over FTCA claim premised on National Guardsman's conduct during Hurricane Katrina disaster relief efforts because the National Guardsman would have been immune from liability under Mississippi's analogue to the LHSEADA).

## IV.   CONCLUSION

---

[14]     R. Doc. 1.
[15]     R. Doc. 25-3.

For the foregoing reasons, the Court GRANTS the United States'
motion to dismiss.   Plaintiff's complaint is thus DISMISSED WITHOUT
PREJUDICE.

New Orleans, Louisiana, this   23rd   day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

10